UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:  GIZELIS, CHRISTO J.                                    Chapter 13
SSN: xxx-xx-2155                                               Case No. 19-11372-FJB
Debtor(s)

**ORDER CONFIRMING CHAPTER 13 PLAN**

    The Debtor(s) filed an Amended Chapter 13 Plan on September 10, 2019 (the "Plan"). The Debtor(s) filed a Certificate of Service on September 10, 2019 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The Plan payments are:

   $498.75 per month for 4 months

   $2,510.00 per month for 56 months

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.

4. The effective date of confirmation of the Plan is May 1, 2019. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference. Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

     5.     Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary. All property of the estate shall remain within the exclusive jurisdiction of this Court. The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court. The Debtor(s) shall be responsible for preserving and protecting property of the estate.

     6.     The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case. The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be available to increase the dividend to creditors. The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

*Frank J. Bailey*
United States Bankruptcy Judge

Dated:  12/26/2019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:   GIZELIS, CHRISTO J.<br>SSN: xxx-xx-2155<br>Debtor(s) | Chapter 13<br>Case No. 19-11372-FJB |

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**1.     Unmodified Secured Claims**

Rushmore Loan Mgmt Ser (Rushmore) – is retaining its lien on 46 Milford Dr, Pembroke, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Rushmore outside of the plan. Rushmore will be paid its pre-petition arrearage in the sum of $123,229.86 over 60 months in the sum of $2,053.84 per month.

FCI Lender Service, Inc. (FCI) – is retaining its lien on 46 Milford Dr, Pembroke, MA. The Debtor(s) shall continue to make regular payments in accordance with the contracts with the FCI outside of the plan.

**2.     Modified Secured Claims**

NONE

**3.     Liens Avoided under 11 U.S.C. § 522(f)**

NONE

**4.     Surrender of Collateral**

NONE

**5.     Priority Claims**

| | | |
|---|---|---|
| Mass. Dept. of Revenue | Taxes | $8.57 |

**6.     Administrative Expenses**

Tomas Benner, Esq. shall be paid his legal fee in the amount of $4,000.00 over the first 12 months of the plan.

---

**7.     Unsecured Claims**

The holders of unsecured claims total $1,051.57 and shall receive a fixed percentage of no less than 100.00%.

---

**8.     Executory Contracts**

NONE

---

**9.     Vesting of Property of the Estate**

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge.  If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

---

**10.    Nonstandard Provisions**

NONE